Lisa CLARK, Plaintiff,

v.

TIMES SQUARE STORES CORP. and Stanley Guss, Director of Personnel Department, Defendants.

79 Civ. 0442 (LFM).

United States District Court, S. D. New York.

April 27, 1979.

Sandberg & Hochstein, P. C. by Ralph Hochstein, New York City, for defendant Times Square Stores Corp.

Silvera & Brooks by Trevor L. Brooks and Randy E. Latimer, Jr., New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant, Times Square Stores Corp., moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Rules 12(b)(1), (6), Fed.R.Civ.P. Since both the movant and plaintiff have submitted affidavits, we treat the motion to dismiss for failure to state a claim as a motion for summary judgment. Rule 12(b), Fed.R.Civ.P.

Alleging that she was discharged by defendants because of her race, plaintiff, a former employee of Times Square Stores Corp., seeks damages for violation of 42 U.S.C. §§ 1981–83. Prior to commencing this action, plaintiff filed charges of discrimination with the New York State Division of Human Rights, which dismissed her complaint. That decision was affirmed by the New York State Human Rights Appeal Board on May 24, 1978. No appeal was taken to the courts of New York state.

Defendants contends that subject matter jurisdiction is lacking because N.Y. Exec. Law § 297(9) (McKinney Supp.1978) prohibits a plaintiff from commencing an action alleging racial discrimination in the courts of New York state after charges have been filed with the New York State Division of Human Rights. Defendant's argument is without merit for "it is well established that state statutes cannot limit the jurisdiction . . . of the federal courts . . . ."[2]

Defendant next contends that plaintiff's claim is barred by the doctrine of res judicata because the decision of the New York State Human Rights Appeal Board constitutes a final and binding judgment based on the same facts alleged here. This contention is also without merit because the doctrine of res judicata with respect to claims under 42 U.S.C. § 1981 applies only to state judicial proceedings, not to state administrative proceedings.[3]

Finally, defendant contends that plaintiff's claim is barred by the statute of limitations. Plaintiff did not commence this action until approximately seven and one-half months after the Appeal Board rendered its decision. New York Exec. Law § 298 (McKinney Supp.1978) provides that an action to review a decision of the New York State Human Rights Appeal Board must be commenced within thirty days of the Board's decision. Defendant's argument is without merit because an action under § 1981 is not an action to review the decision of a state administrative agency, but a plenary action involving a trial de novo of the alleged discriminatory conduct.[4] Moreover, it is well established that the period of limitations applicable to actions brought under § 1981 is three years from

---

1. Although defendant has styled its motion as a motion to dismiss for lack of subject matter jurisdiction, two of the grounds raised, namely, res judicata and the statute of limitations, are not jurisdictional in this case.

2. *Griffith v. Bank of New York,* 147 F.2d 899, 904 (2d Cir.), *cert. denied,* 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992 (1945).

3. *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 276 (2d Cir. 1977).

4. *Al-Hamdani v. State University of New York,* 438 F.Supp. 299, 303 (W.D.N.Y.1977).

the date of the alleged discriminatory conduct, without regard to the actions taken by a state administrative agency.[5]

Accordingly, the motion of defendant, Times Square Stores Corp., to dismiss the complaint for lack of subject matter jurisdiction and for summary judgment in its favor is denied in all respects.

So ordered.

---

**5.** *Cates v. Trans World Airlines, Inc.,* 561 F.2d 1064, 1067 n. 4 (2d Cir. 1977).