**James David MORROW, et al., Plaintiffs,**

v.

**Mrs. SOUTH, et al., Defendants.**

**No. C–3–81–197.**

United States District Court,
S. D. Ohio, W. D.

May 18, 1982.

Ashley C. Brown, Dayton, Ohio, for plaintiffs.

Gordon H. Savage, Janet K. Cooper, Dayton, Ohio, for defendant Dayton Power & Light.

James D. Dennis, Asst. City Atty., Dayton, Ohio, for defendant City of Dayton.

Kenneth Pohlman, Asst. County Prosecutor, Dayton, Ohio, for defendant Montgomery County.

Thomas V. Martin, Asst. Atty. Gen., Columbus, Ohio, for State of Ohio.

DECISION AND ENTRY ON PENDING MOTIONS; MOTION TO DISMISS BY DEFENDANT CITY OF DAYTON SUSTAINED IN PART AND OVERRULED IN PART; MOTION TO DISMISS BY DEFENDANT STATE OF OHIO SUSTAINED IN PART AND OVERRULED IN PART; MOTION BY CITY OF DAYTON TO DISMISS AMENDED COMPLAINT OVERRULED; MOTION BY PLAINTIFFS FOR JUDGMENT BY DEFAULT OVERRULED; MOTION BY DEFENDANT CITY OF DAYTON TO STRIKE PLAINTIFFS' MEMORANDUM OVERRULED; MOTIONS BY DEFENDANT CITY OF DAYTON TO STRIKE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION OVERRULED; MOTION BY PLAINTIFFS TO STRIKE NOTICE OF ADDITIONAL AUTHORITY BY DEFENDANT CITY OF DAYTON OVERRULED; MOTION BY DEFENDANT DP&L AND INDIVIDUAL DEFENDANTS TO STRIKE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION OVERRULED; MOTION BY DEFENDANT CITY OF DAYTON TO STRIKE PLAINTIFFS' AFFIDAVITS IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION OVERRULED; MOTION BY DEFENDANT CITY OF DAYTON TO CORRECT MEMORANDUM IS SUSTAINED; PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT SUSTAINED IN PART AND OVERRULED IN PART; CONFERENCE SET

RICE, District Judge.

This case involves alleged violations of the Due Process Clause of the Fourteenth Amendment, occasioned when the Defendant Dayton Power & Light Co. (DP&L) terminated utility service to a home owned by one of the Plaintiffs, James David Morrow. Twelve motions are currently pending before this Court, to wit:

1) The motion by the Defendant City of Dayton to dismiss Plaintiffs' Complaint (Doc. # 4);

2) The motion by Defendant State of Ohio to dismiss Plaintiffs' Complaint (Doc. # 7);

3) A further motion by the City of Dayton to dismiss Plaintiffs' amended complaint (Doc. # 12);

4) Plaintiffs' motion for judgment by default with respect to the State of Ohio (Doc. # 13);

5) The motion by the City of Dayton to strike a memorandum filed by the Plaintiffs (Doc. # 22);

6) Plaintiffs' motion to strike a "Notice of Additional Authority" filed by the City of Dayton (Doc. # 30);

7&8) The motions by the City of Dayton to strike Plaintiffs' motion for a preliminary injunction (Docs. # 29, # 43);

9) The motion by DP&L and the individual defendants to strike Plaintiffs' motion for a preliminary injunction (Doc. # 31);

10) The motion by the City of Dayton to strike Plaintiffs' affidavits in support of their motion for a preliminary injunction (Doc. # 42);

11) The motion by the Defendant City of Dayton to correct its memorandum (Doc. # 20);

12) The motion by Plaintiffs to file a second amended complaint (Doc. # 38).

A presentation of the factual background in this case will precede consideration of the pending motions.

## I. FACTUAL BACKGROUND

The Plaintiffs herein, James David Morrow, his son, Darren Morrow, and Terry L. Schuler,[1] filed their original complaint in this Court on March 24, 1981. Said complaint contains a mixture of factual allegations and legal conclusions, and may be summarized as follows. DP&L, Plaintiffs allege, has "maintained a long standing and unconstitutional scheme of arbitrarily disconnecting" the utility services of customers, without a prior notice or hearing. Moreover, the City of Dayton and the State of Ohio "support" and "concur with" these "constitutional violations." Turning toward the facts, the Complaint alleges that on January 22, 1981, DP&L arbitrarily, and without notice or hearing, disconnected the gas and electric service to the residence of James and Darren Morrow. To reconnect service, DP&L allegedly coerced the Plaintiffs into paying a "totally fraudulent and fabricated bill" which was past due. On January 28, 1981, DP&L refused to reconnect service to the residence despite the application therefore, by the Plaintiff Schuler. DP&L, the State of Ohio, and the City of Dayton, were alleged to be engaged in a "scheme and conspiracy" to deprive the Plaintiffs of their "federal rights." The City and State are said to be "substantially involved" in the activities of DP&L, especially since they have "given [DP&L] a monopoly in the area." Plaintiffs prayed for compensatory and punitive damages, and for other such relief as the Court may deem just. DP&L, the City of Dayton, the State of Ohio, and Mrs. South, Mrs. Jones, Ms. Llewllyn, and Mr. Rodgers (all employees of DP&L) were named as Defendants. The complaint invoked the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 2201, 2202.

The amended complaint, filed on April 13, 1981, added Montgomery County as a Defendant, as well as Paula J. MacIlwaine, E. George Ferguson, and Charles F. Horn, members of the Board of Commissioners of Montgomery County, as Defendants. Said Defendants allegedly had "knowledge" of the acts of other Defendants outlined in the original complaint, were said to have "maintained a policy, custom and scheme" of violating plaintiffs' "constitutional rights," and were alleged to be engaged in a "scheme and conspiracy" designed to deprive Plaintiffs of said rights.

Plaintiff James Morrow is representing himself and, apparently, the other Plaintiffs

---

1. A fourth Plaintiff named in the original complaint, Margie Thompson, withdrew as a party to this case on July 8, 1981 (Doc. # 24).

on a *pro se* basis in this action.[2] Mindful that the allegations of a *pro se* complaint should be examined under a less stringent standard than more formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam), the complaint (as amended) can be construed as follows. Plaintiffs apparently seek to pursue an action directly under the Fourteenth Amendment, *see, Jones v. City of Memphis*, 586 F.2d 622 (6th Cir. 1978), *cert. denied*, 440 U.S. 914, 99 S.Ct. 1230, 59 L.Ed.2d 464 (1979), for violations of their rights to Due Process under that Amendment. The various Defendants are alleged to have worked together in a number of ways to deprive Plaintiffs of their rights, notably through a "conspiracy" (a possible reference to 42 U.S.C. § 1985(3)), and by "giving" DP&L a monopoly (a possible reference to the Sherman Antitrust Act, 15 U.S.C. § 2).[3] So construing the Plaintiffs' complaint, as amended, this Court now turns toward consideration of the pending motions.

## II. PENDING MOTIONS

At the outset, the Court notes that in light of the decision to sustain, at least in part, Plaintiffs' motion to file a second amended complaint (*infra*), the motions directed against the original and first amended complaints are, in effect, moot. Said motions are, nevertheless, ruled upon by this Court, to aid in determining the viability of the claims for relief set out in the second amended complaint.

**2.** Several of Plaintiffs' more recent filings in this Court indicate that Plaintiffs were represented by attorneys Ashley Brown and Barbara Babbitt. (*See*, Docs. # 37, # 38). However, at the oral hearing before this Court on April 19, 1982, on Plaintiffs' motion for a preliminary injunction, James Morrow represented himself, and Mr. Brown and Ms. Babbitt were only present in an "advisory" capacity. In any event, those filings in the record, not signed by Plaintiffs' attorneys, will be treated by this Court as being made on a *pro se* basis.

In addition, since a *pro se* litigant can only represent himself, those motions, currently in the record, filed by James Morrow can only be made by him, and not by the other Plaintiffs. This distinction makes little difference, of course, since the claims of the other Plaintiffs appear to be identical to those of James Mor-

1) The motion by the City of Dayton to Dismiss the Complaint is Sustained in Part and Overruled in Part

The City of Dayton, pursuant to Fed.R. Civ.P. 12(b), moves to dismiss the complaint for reasons that this Court lacks subject matter jurisdiction over the action, Rule 12(b)(1), and that the complaint fails to state a claim upon which relief can be granted, Rule 12(b)(6). In any motion to dismiss under Rule 12(b), this Court must accept as true all well-pleaded allegations of *fact* (though not of *law*) in the complaint. *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1034–35 (6th Cir. 1979); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). So construing the complaint herein, this Court now considers the grounds advanced in support of the motion to dismiss. At least two of the grounds are not persuasive, but the other grounds are well taken and mandate sustaining the motion in part.

 Defendant first argues that this Court lacks subject matter jurisdiction to hear this action, since the amount in controversy does not exceed $10,000, as required by 28 U.S.C. § 1331(a), and since, in any event, the complaint presents "no substantial federal question." Both grounds are incorrect. The parties fail to recognize that § 1331(a) was amended in 1980 so as to eliminate the $10,000 requirement. Pub.L. 96–486, § 2(a), 94 Stat. 2369, *codified at* 28 U.S.C. § 1331. The amendment was effective beginning on the day of enactment

row. Therefore, for convenience, to eliminate confusion, and to reflect the references in the record to motions brought on behalf of *all* the Plaintiffs, said motions will be treated *as if* they were made on behalf of all the Plaintiffs. Any motions filed by plaintiffs' attorneys, including those currently in the record and any filed in the future, will be considered as being made on behalf of any and all Plaintiffs.

**3.** In a later memorandum, the Plaintiffs state that the antitrust defenses raised by the City of Dayton "are not applicable to this instant case at bar." (Doc. # 11). Perhaps the Plaintiffs never intended to raise an antitrust claim. Nevertheless, to give the Plaintiffs every benefit of the doubt, this Court will construe the complaint as if it raises an antitrust claim.

(December 1, 1980), and hence is applicable to the case herein. Secondly, Defendant correctly points out that "insubstantial and frivolous" claims cannot form a basis for federal jurisdiction. *See, Amalgamated Transit Union v. Jackson Transit Authority*, 650 F.2d 1379, 1381 (6th Cir. 1981); *Studen v. Beebe*, 588 F.2d 560, 568 (6th Cir. 1978). However, this Court cannot characterize the claims advanced in the complaint as "insubstantial or frivolous" on their face. Deprivations of due process rights premised on an allegedly improper termination of service by a utility have, in prior decisions, been interpreted so as to raise a federal question. *See, e.g., Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Palmer v. Columbia Gas of Ohio*, 479 F.2d 153 (6th Cir. 1973). Since this Court does not lack subject matter jurisdiction, the motion to dismiss cannot be sustained on that basis.

■ A holding that this Court has subject matter jurisdiction does not mean, of course, that the complaint cannot be dismissed under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. *Amalgamated Transit Union, supra*, 650 F.2d at 1381; *Park Hills Music Club, Inc. v. Board of Education*, 512 F.Supp. 1040, 1043–44 n.2 (S.D.Ohio 1981). For the following reasons, Defendants' motion to dismiss, for failure to state a claim upon which relief can be granted, is sustained with respect to claims brought under § 1985(3) or the antitrust laws, but overruled with respect to the claim brought directly under the Fourteenth Amendment.

■ First, it is noteworthy that the complaint only states that DP&L, and its employees, played any direct role in the alleged constitutional violations. The complaint also alleges, in conclusory form, that the City of Dayton "supported" and "concurred with" DP&L in these violations, and was engaged in a "scheme and conspiracy" to deprive the Plaintiffs of their rights. The complaint does state, however, that "extensive" ordinances and regulations promulgated by the City permitted DP&L to commit the acts complained of. These allegations, charitably construed, can be regarded as "facts" supporting the conclusion,

in the complaint, that the City was somehow involved in the alleged unconstitutional acts committed by DP&L. The complaint, accordingly, does meet the requirement that there must be allegations of fact to justify any legal conclusions asserted. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Accepting the complaint's allegations as true, the City of Dayton *may* be liable if it supported and concurred in the alleged constitutional violations.

■ Similar reasoning, however, requires that the "conspiracy," or § 1985(3) claim, be dismissed. The facts, such as they are, pled in support of the conspiracy, are wholly inadequate to properly base a charge of conspiracy in general, *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979), or a § 1985(3) claim in particular. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971). In addition, the complaint does not properly allege a class-based invidious discriminatory claim, as required in a § 1985(3) action. *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *Taylor v. Brighton Corp.*, 616 F.2d 256, 266–67 (6th Cir. 1980).

■ Finally, the City of Dayton could not be liable to the Plaintiffs for any "monopolization" violation under the federal antitrust laws. Once again, the complaint is defective in pleading facts sufficient to set forth an antitrust claim. *Hohensee v. Akron Beacon Journal Pub. Co.*, 277 F.2d 359 (6th Cir.) (per curiam), *cert. denied*, 364 U.S. 914, 81 S.Ct. 277, 5 L.Ed.2d 227 (1960). Even if the allegations were well pleaded, there is serious doubt that Plaintiffs would have standing to sue, pursuant to 15 U.S.C. § 15, since there appears to be no causal connection between the alleged injury (impairment of rights to due process) and the alleged antitrust violation (monopolization). *See, Shreve Equipment, Inc. v. Clay Equipment Corp.*, 650 F.2d 101 (6th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 397, 70 L.Ed.2d 213 (1981); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1234 (6th Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 388,

70 L.Ed.2d 207 (1981). Moreover, the City (and the other Defendants) could arguably fall under the "state action" exemption to antitrust liability. *See, City of LaFayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 413, 98 S.Ct. 1123, 1136, 55 L.Ed.2d 364 (1978) (plurality opinion); *Cf. Community Communications Co., Inc. v. City of Boulder*, —— U.S. ——, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982); *see also, Hybud Equipment Corp. v. City of Akron*, 654 F.2d 1187, 1195–96 (6th Cir. 1981).

For these reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is overruled in part, to the extent that the complaint states a claim under the Fourteenth Amendment, and sustained in part, in all other respects.

2) The Motion by the State of Ohio to Dismiss the Complaint is Sustained in Part and Overruled in Part

█ The State of Ohio has moved to dismiss the complaint pursuant to Rule 12(b)(1), for reason that this Court lacks subject matter jurisdiction in this case under the Eleventh Amendment. Defendant correctly argues that a state cannot be sued in federal court by a citizen of that state, due to the bar of the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). However, this principle only bars suits for *monetary* relief, rather than *prospective* relief. *Quern v. Jordan*, 440 U.S. 332, 340, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979). In the case herein, the complaint (as amended) prays for both monetary and prospective (i.e., declaratory and injunctive) relief against the Defendants, including the State of Ohio. For this reason, the Defendant's motion is overruled to the extent that the complaint seeks prospective relief from the State of Ohio, and is sustained in all other respects.

3) The Motion by the City of Dayton to Dismiss the Amended Complaint is Overruled

The City of Dayton further moves to dismiss the Plaintiffs' amended complaint,

for the reasons set forth with respect to the original complaint, *supra*, and, in addition, for lack of personal jurisdiction, pursuant to Rule 12(b)(2). Fed.R.Civ.P. 4(d)(6) provides that service of a complaint upon a municipal corporation shall be to the "chief executive officer thereof," or "in the manner prescribed by the law of that state" for serving such defendants. Plaintiffs herein served the amended complaint upon Earl Sterzer, the City Manager of the City of Dayton. Defendant argues that the Mayor of the City of Dayton, James McGee, was the proper person to serve, since he is, under Rule 4(d)(6), the "chief executive officer," and the person designated by the City of Dayton to be served when the City is sued. Charter, City of Dayton, § 36. *Cf.* Ohio R.Civ.P. 4.2(13) (when suing municipal corporation, "city solicitor or comparable legal officer" shall be served). In brief, Plaintiffs' reply that said service was proper, since Sterzer was served with the *original* complaint and the City did not object.

Subsequent to the filing of Defendant's motion, and the briefs thereto, Plaintiffs served the complaint and the amended complaint upon Mayor James McGee (Docs. # 35, 36). Thus, the City of Dayton has now been properly served under Rule 4(d)(6), and Defendant's motion to dismiss the amended complaint, for lack of personal jurisdiction, must be, and is, overruled.

4) The Motion by the Plaintiffs for a Judgment by Default Against the State of Ohio is Overruled

█ Plaintiffs move for a judgment by default against the State of Ohio, pursuant to Fed.R.Civ.P. 55(b)(2), since that Defendant was served with the complaint on March 30, 1981, and has yet to file an answer. Defendant points out that, under Fed.R.Civ.P. 12(a)(1), an answer need not be filed till 10 days after it has received notice of this Court's action on its motion to dismiss the complaint. This Court agrees with the Defendant, and must overrule the Plaintiffs' motion for a judgment by default. The Court does note, however, that Defendant will be obliged by Rule 12(a)(1)

to file an answer to the complaint 10 days after it has received notice of this Court's action on its motion to dismiss, set out earlier in this opinion. Alternatively, if the second amended complaint (*see, infra*) is properly filed and served, the State of Ohio will be dismissed by this Court as a party Defendant in this action, and it need not file an answer to same.

5) The Motion by the City of Dayton to Strike Plaintiffs' Additional Authorities in Support of Memoranda Contra is Overruled

■ The City of Dayton filed a motion to dismiss the amended complaint on May 4, 1981. Plaintiffs filed a "Memorandum Contra to Defendant City of Dayton's Motion to Dismiss Plaintiffs' Amended Complaint," on May 26, 1981. The City argues that Plaintiffs' memorandum was filed some twenty-two days after the motion to dismiss was filed, which is violative of the twenty-day rule set out in S.D.Ohio R. 4.0.2. Defendant is incorrect. Under Fed.R.Civ.P. 6(a), the time limitation in the local rule is tolled if the last day of the period falls on a Sunday, and the period thereafter runs until the next day which is not a legal holiday. In the case herein, the last day of the twenty day period fell on Sunday, May 24. Since May 25 was Memorial Day, a legal holiday, Plaintiffs were permitted to wait (as they did) until Tuesday, May 26, to file their Memorandum. Accordingly, Defendants' Motion to Strike the same is overruled. Said memorandum was considered by this Court in ruling upon Defendant's motion to dismiss the amended complaint.

6) The Plaintiffs' Motion to Strike the Defendant City of Dayton's Notice of Additional Authority, is Overruled

■ On October 21, 1981, the City of Dayton filed a "Notice of Additional Authority in Support of Motions to Dismiss Complaint and Amended Complaint." A copy of the slip opinion of the *Hybud Equipment Corp., supra,* decision was attached as an exhibit to said notice. Plaintiffs now move to strike the City of Dayton's "defenses," pursuant to Fed.R.Civ.P. 12(f), and make specific reference to the

Notice set forth above. Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy. *United States v. Firestone Tire & Rubber Co.,* 374 F.Supp. 431, 434 (N.D.Ohio 1974). The information provided by the Defendant's Notice is clearly relevant to this case, is not redundant, and the motion to strike the same is not well taken and hereby is overruled. Defendant's Notice of Additional Authority was considered by this Court in ruling upon Defendant's motions to dismiss.

7&8) The Motions by the Defendant City of Dayton to Strike Plaintiffs' Motions for a Preliminary Injunction and for Consolidation or, Alternatively, to Deny Said Motions, are Overruled

On October 26, 1981, the Plaintiffs filed a motion for a preliminary injunction, pursuant to Fed.R.Civ.P. 65, to enjoin and restrain the Defendants from disconnecting their utility service. Additionally, the Plaintiffs moved for a consolidation of the hearing thereon with a trial on the merits of the action herein. The City of Dayton has twice moved to strike both motions or, in the alternative, to deny said motions.

■ With respect to the motions to strike the Plaintiffs' motion for a preliminary injunction, the Defendant argues that such relief was never requested in the original complaint and is barred by the doctrine of laches. Both arguments are without merit. Injunctive relief may be granted, even if not requested in the original complaint. Fed.R.Civ.P. 54(c); *Dann v. Studebaker-Packard Corp.,* 288 F.2d 201, 216 (6th Cir. 1961). While the doctrine of laches does apply to requests for injunctions, *see, e.g., LeSportsac Inc. v. Dockside Research, Inc.,* 478 F.Supp. 602, 609 (S.D.N.Y.1979), the request herein, filed some eight months after the filing of the complaint, was not unreasonably delayed, and the record does not indicate that there will be prejudice to the opposing parties. *Mansfield Area Citizens Group v. United States,* 413 F.Supp.

810, 824 (M.D.Pa.1976). Hence, the motions to *strike* the Plaintiffs' motions for a preliminary injunction, and to consolidate, are overruled.

Plaintiffs' motion for a preliminary injunction was, however, denied in a separate decision and entry filed by this Court (Doc. # 46).

9) The Motion by DP&L and the Individual Defendants to Strike Plaintiffs' Motion for a Preliminary Injunction is Overruled

 In their original and amended complaint, the Plaintiffs only alleged that a constitutional violation occurred when utility services were (temporarily) cut off in January of 1981. Their motion for a preliminary injunction refers to a pending utility service cut off in the *future.* DP&L and the individual defendants now move to strike said motion, since, they argue, the complaint (as amended) is only premised on a single incident of alleged wrongful disconnection in the past. Under this reasoning, they assert, the motion for a preliminary injunction is improper and is, in effect, an effort to amend the complaint without leave of this Court, as required by Fed.R. Civ.P. 15(a).

It is true that the complaint, as amended, is principally premised on the disconnection in January of 1981. However, the complaint does allege that DP&L has "maintained" a "long-standing ... scheme" to deprive Plaintiffs' of their rights and that all the Defendants "were and are" engaged in a conspiracy to deprive them of their rights. Thus, the complaint, if liberally construed, does refer to possible *continuing* violations and can provide a basis for relief for actions taking place *after* the January 1981 incident. For these reasons, the Defendants' motion to strike Plaintiffs' motion for a preliminary injunction is not well taken and is hereby denied.

As noted above, Plaintiffs' motion for a preliminary injunction was, nevertheless, overruled by this Court in a separate decision and entry.

10) The Motion by the Defendant City of Dayton to Strike Plaintiffs' Affidavits in Support of their Motion for a Preliminary Injunction is Overruled

 The City of Dayton has moved to strike certain of Plaintiffs' affidavits from the record (apparently, those found in Doc. # 39), arguing that said documents contain only "conclusory allegations" of "ultimate facts." While said affidavits *do* make several conclusions as to "ultimate" facts and legal conclusions, they also refer to facts within the knowledge of Plaintiffs. Accordingly, the motion to strike is overruled, and said affidavits were considered by this Court in disposing of Plaintiffs' motion for a preliminary injunction.

11) The Motion by the City of Dayton to Correct an Earlier Memorandum is Sustained

The City of Dayton moves, pursuant to Fed.R.Civ.P. 60(a), to amend an incorrect citation in an earlier motion (Doc. # 4, p. 4). Plaintiffs have not objected to said motion, and the same is hereby sustained.

12) The Motion by Plaintiffs to File a Second Amended Complaint is Sustained in Part and Overruled in Part

Finally, Plaintiffs have moved, through counsel, *cf.*, footnote 2, *supra*, to file a second amended complaint "[b]ecause of the complexity of the issues involved herein, the recent entry of Plaintiffs' counsel, and in the interests of justice." (Doc. # 38, p. 1). The Defendant City of Dayton has filed a memorandum contra to said motion (Doc. # 44), contending that the new complaint is merely repetitive of allegations in the previous complaint, and subject to dismissal, under Rule 12(b), for the reasons set out earlier in this opinion.

 Under Fed.R.Civ.P. 15(a), leave of the Court to file amended pleadings "shall be freely given when justice so requires." The decision to grant a Rule 15(a) motion, seeking to file an amended complaint, is left to the sound discretion of the district court. *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). In determining

whether to sustain such a motion, the Court must consider such factors as undue delay in filing the motion, lack of notice to the opposing party, bad faith by the moving party, undue prejudice to the opposing party, and the futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). The "futility" of the amendment is tested by whether the proposed complaint would survive a motion to dismiss, under Rule 12(b). *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980) (per curiam).

■ Defendant correctly points out that the second amended complaint, attached to Doc. # 38, basically restates the allegations in the prior complaints. There are, however, a number of important differences. First, the parties named in the second amended complaint differ from those named in the prior complaints. Only James Morrow and his son, Darren, are named as Plaintiffs. DP&L, the employees of same, and the City of Dayton are renamed as Defendants, but the following Defendants have been added: James McGee (former Mayor of the City of Dayton), the Ohio Public Utilities Commission (PUCO), three PUCO Commissioners (John Kelly, Michael Delbane, and Dennis Pines), a PUCO "investigator" (Carol Gibson) and four commissioners of the City of Dayton (Patricia Roach, Richard Clay Dixon, Richard Zimmer and Abner Orick). The State of Ohio is *not* named as a Defendant in the second amended complaint.

The second major difference lies in the four causes of action set out in the second amended complaint. As with the previous complaints, the first cause of action alleges violations of Plaintiffs' due process rights (expressly predicated, unlike before, on 42 U.S.C. § 1983), and the second and third causes of action allege violations of the federal antitrust laws. The final cause of action asserts a new claim, alleging that Defendants' actions constituted violations of the Eighth Amendment's prohibition against cruel and unusual punishment.

Consideration of the aforementioned factors, relevant to a Rule 15(a) motion, compels this Court to sustain the motion to amend in part, and to overrule it in part. Although, Plaintiffs are, apparently, not now represented by attorneys, it will be helpful to the disposition of this action if a complaint, drawn up by attorneys, is utilized. Moreover, the case is still in the motion stage, and nothing in the record indicates that any of the "old" or "new" Defendants will be prejudiced by having to answer to the second amended complaint.

■ For reasons stated earlier in this opinion, however, it would be "futile" for Plaintiffs to file at least part of the second amended complaint. As previously noted, the second and third causes of action in said complaint set forth antitrust violations. Plaintiffs have not sufficiently alleged facts indicating that they are damaged by the alleged antitrust violations. Similarly, the fourth cause of action is not viable, since the "punishment" with which the Eighth Amendment is concerned only comes into play after the government "has secured a formal adjudication of guilt." *Watson v. McGee*, 527 F.Supp. 234, 240 (S.D.Ohio 1981) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40, 97 S.Ct. 1401, 1412–13 n.40, 51 L.Ed.2d 711 (1977)). Plaintiffs have nowhere alleged that Defendants have formally adjudicated them "guilty" in any proceeding.

Accordingly, Plaintiffs' motion to amend is sustained, only to the extent that the allegations in the second amended complaint are relevant to the first cause of action stated therein. The motion is denied to the extent that the Plaintiffs attempt to add the second, third and fourth causes of action or claims for relief set forth in the second amended complaint. Since said complaint is complete unto itself (in that it realleges all relevant and necessary facts), this Court will assume that, following the usual practice, said complaint supersedes and replaces the previous complaints, and will form the basis for this action in the future. The Court makes this assumption with the understanding that said complaint

will be properly filed with this Court (within ten (10) days after receipt of this decision and entry), *and* properly served upon the named Defendants. When and if these prerequisites are met, the Court will dismiss the State of Ohio as a party defendant in this action and, of course, entertain motions, by the remaining defendants, against the second amended complaint.

## III. CONCLUSION

In summary, for the aforestated reasons, this Court rules on the pending motions as follows:

1) The motion by the Defendant City of Dayton to dismiss Plaintiffs' complaint is overruled in part, to the extent that the complaint states a claim under the Fourteenth Amendment, and sustained in part, in all other respects;

2) The motion by the Defendant State of Ohio to dismiss Plaintiffs' complaint is overruled in part to the extent that the complaint seeks prospective relief from the State, and sustained in part in all other respects;

3) The motion by the City of Dayton to dismiss the amended complaint is overruled;

4) The Plaintiffs' motion for judgment by default against the State of Ohio is overruled;

5) The motion by the City of Dayton to strike a memorandum filed by the Plaintiffs is overruled;

6) Plaintiffs' motion to strike a "Notice of Additional Authority" filed by the City of Dayton is overruled;

7&8) The motions by the City of Dayton to strike Plaintiffs' motions for a preliminary injunction and for consolidation or, alternatively, to deny said motions, are overruled.

9) The motion by DP&L and the individual defendants to strike Plaintiffs' motion for a preliminary injunction is overruled;

10) The motion by the Defendant City of Dayton to Strike Plaintiffs' Affidavits in Support of their Motion for a Preliminary Injunction is Overruled;

11) The motion by the Defendant City of Dayton to correct an earlier memorandum is sustained;

12) The motion by Plaintiffs to file a second amended complaint is sustained in part, to the extent that the allegations therein are relevant to the first cause of action stated therein.

The Defendants whose motions to dismiss have been overruled, at least in part, must answer or otherwise motion the Plaintiffs' second amended complaint within twenty (20) days from the date of proper service of same upon them.

Those persons listed below will take note that a conference will be held in this Court's office at 8:20 A. M. on Wednesday, June 23, 1982, for the purpose of determining a discovery time-table, motion filing cut-off date, trial date, date for final pretrial conference, etc.