**Ulrick CHATELAIN, Plaintiff,**

v.

**MOUNT SINAI HOSPITAL and National Union of Hospital and Health Care Employees, District 1199, Defendants.**

**No. 83 Civ. 6627 (LFM).**

United States District Court,
S.D. New York.

Feb. 27, 1984.

---

Glatzer & Belovin, P.C. by William Kirchofer, New York City, for plaintiff.

Robinson, Silverman, Pearce, Aronsohn & Berman by Floran L. Fink and Vincent Alfieri, New York City, for defendant Mount Sinai Hosp.

## OPINION

MacMAHON, District Judge.

Defendant Mount Sinai Hospital moves for summary judgment, arguing that plaintiff is barred from relitigating the dispositive factual issues in this wrongful discharge action by a decision of the New York State Department of Labor denying plaintiff unemployment benefits. Plaintiff cross-moves for an order striking from defendant's answer the defense of collateral estoppel. Jurisdiction is invoked under § 301 of the Labor Management Relations Act. We hold that collateral estoppel effect should not be given to the administrative agency's decision. We therefore deny defendant's motion and grant plaintiff's.

### Background

Plaintiff was discharged from his position as a registrar at Mount Sinai Hospital on November 6, 1981. He was charged with insubordination, failure to follow his supervisor's instructions, and unauthorized absence from duty. Plaintiff initiated grievance procedures pursuant to the Collective Bargaining Agreement ("Agreement") in effect between his employer and his union. That grievance was eventually submitted to arbitration on January 29, 1982, but the arbitrator ruled that consideration of plaintiff's grievance was barred by

the union's failure to meet a 15-day filing deadline set forth in the Agreement.

Plaintiff also applied for unemployment benefits from the New York State Department of Labor. After his application was denied by the local office, plaintiff requested a hearing to challenge that denial. The hearing was first held on December 10, 1981 before Administrative Law Judge C. Alfred Sawyer. Plaintiff appeared at that time, but it appears that the union representative designated to appear on his behalf failed to do so. The ALJ heard the testimony of the defendant's representative, Janet Allen, and of the two supervisors directly involved in plaintiff's discharge, Maria Schoenfeld and Carlos Benvenutti. Plaintiff was given an opportunity to testify and was allowed to cross-examine the other witnesses. The ALJ then asked plaintiff if he had any witnesses to corroborate his testimony. Plaintiff requested that three of his co-workers at the hospital be called to testify, so the ALJ adjourned the hearing and issued subpoenas to the three hospital employees.

The hearing was subsequently resumed on December 28, 1981. Administrative Law Judge Albert Einstein presided in the absence of Judge Sawyer. None of the three witnesses appeared despite the subpoenas. The hospital representative and supervisor Benvenutti apparently did not expect their presence and could not adequately explain their absences. The new ALJ stated that ultimately Judge Sawyer would have to decide whether further proceedings would be necessary before reaching a decision. He allowed plaintiff to give additional testimony before ending the hearing.

The original ALJ, Judge Sawyer, then issued a written decision on January 26, 1982 without conducting additional proceedings. He determined that plaintiff's discharge was based on misconduct and therefore denied unemployment benefits. Although plaintiff appealed the ALJ's determination to the Unemployment Insurance Appeals Board, which upheld the ALJ, he did not exercise his right to challenge the ruling in an Article 78 proceeding in the New York Appellate Division. Instead, he filed the present action in federal court in September 1983 against the hospital and the National Union of Hospital and Health Care Employees, District 1199, alleging wrongful discharge by the hospital and breach of the duty of fair representation by the union.

*Discussion*

The issue on this motion is whether the doctrine of collateral estoppel bars plaintiff from relitigating the factual issues surrounding his discharge which the ALJ decided against him in denying his claim for unemployment benefits and which defendant now contends are dispositive of this wrongful discharge action. Defendant argues that the ALJ's finding that defendant fired plaintiff for misconduct precludes this court from redeciding the same factual issues in this case and requires us to grant summary judgment for defendant. Plaintiff contends that a federal court should not give collateral estoppel effect to an administrative agency's ruling which has not been reviewed by a state court and which, in any event, was reached after a fundamentally unfair hearing.

■ We note at the outset that no court has reviewed the agency's ruling since plaintiff did not challenge it in state court. This is significant. It is clear that federal courts must give res judicata and collateral estoppel effect to state court decisions. This rule applies in the context of civil rights actions brought pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (collateral estoppel barred plaintiff in § 1983 action from relitigating issue decided against him in state court); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (plaintiff in Title VII action barred from relitigating issues decided against him by state administrative agency and affirmed by state court). *See* 28 U.S.C. § 1738 (1976) (federal court must afford full faith

and credit to state judicial determinations). On the other hand, the rule does not apply to determinations of state administrative agencies which have not been reviewed by a state court. Section 1738, by its terms, does not apply to administrative rulings.

■ The Second Circuit recognizes this distinction. In *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2d Cir. 1977), the court held that principles of res judicata would be applied to bar a plaintiff in a civil rights action from relitigating in federal court claims already decided against her by the New York State Division of Human Rights and the New York State Appellate Division. The court noted that "[r]es judicata effect may attach to determinations of administrative agencies in appropriate circumstances." *Id.* at 268. Nevertheless, it recognized a distinction in this context between state administrative and state judicial proceedings. "Had the appellant brought her § 1981 claim without resorting to judicial review of the state agency's determination, a number of considerations would weigh against barring the federal action on res judicata grounds." *Id.* at 275.

This discussion in *Mitchell* provided the basis for the court's subsequent decision in *Gargiul v. Tompkins*, 704 F.2d 661 (2d Cir.1983). *Gargiul* was a civil rights action under § 1983. Plaintiff there had been discharged from her school teaching position and had challenged the discharge twice before the Commissioner of Education and twice before the New York State Appellate Division. After reviewing *Mitchell*, the court held that, although plaintiff was barred from relitigating any claims already rejected by the administrative agency *and the state court*, she was not precluded from pursuing claims considered only by the agency but not by the state court. *Id.* at 666–67. *See also Clark v. Times Square Stores*, 469 F.Supp. 654 (S.D.N.Y.1979). *Gargiul* is applicable to the case before us. Although this case is a wrongful discharge action brought under § 301 of the Labor Management Relations Act, we think the considerations in apply-ing the principles of res judicata and collateral estoppel are similar.

Defendant's reliance on *Bernstein v. Birch Wathen School*, 421 N.Y.S.2d 574, 71 A.D.2d 129 (1979), is misplaced. *Bernstein* was a state court action for wrongful discharge. The court gave collateral estoppel effect to a ruling of the New York State Department of Labor denying unemployment benefits even though plaintiff had not appealed that ruling to state court. However, 28 U.S.C. § 1738 only requires a federal court to give the same effect as a state court would to *judicial* determinations. The Supreme Court cases, along with *Mitchell* and *Gargiul*, make it clear that a federal court should distinguish between administrative and judicial determinations when applying the doctrines of res judicata and collateral estoppel.

Similarly, *Woods v. Bulova Watch Co.*, 88 Lab.L.Rep. (CCH) ¶ 12,045 (E.D.N.Y. 1980), does not help defendant. There, plaintiff appealed the adverse determination of the State Department of Labor to the Appellate Division. The court therefore properly ruled that plaintiff could not relitigate the issue of his discharge.

■ We note finally that, even assuming it would be appropriate in some circumstances to give collateral estoppel effect to an administrative ruling, the case before us is not an appropriate one to do so. Collateral estoppel requires that the party precluded from relitigation must have had a full and fair opportunity to litigate the issue in the previous proceeding. *Allen v. McCurry, supra*, 449 U.S. at 101, 101 S.Ct. at 418. There is considerable doubt about whether plaintiff here had that opportunity. He was unrepresented at both sessions of the administrative hearing, allegedly because his union representative failed to appear, and the three witnesses subpoenaed to testify at plaintiff's request also failed to appear. Furthermore, ALJ Sawyer, who presided at the first session of the hearing and issued the written decision in the case, did not attend the second session. In short, the nature of the previous proceeding argues strongly against giving the

agency's ruling preclusive effect in this action. *See Mitchell, supra,* 553 F.2d at 269 (citing *Taylor v. New York City Transit Authority,* 309 F.Supp. 785, 791 (E.D.N. Y.), *aff'd,* 433 F.2d 665 (2d Cir.1970)).

Accordingly, defendant's motion for summary judgment is denied. Plaintiff's motion to strike the defense of collateral estoppel is granted.

So ordered.