**Robert H. MITCHELL, Plaintiff,**

v.

**BENDIX CORPORATION, Defendant.**

**Civ. No. F 84–376.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 21, 1985.

John M. Beams, Fort Wayne, Ind., for plaintiff.

J. Michael O'Hara, Barrett, Barrett & McNagny, Fort Wayne, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant's Motion to Strike and plaintiff's Motion for Partial Judgment on the Pleadings. These motions both revolve around the competency of a paragraph in plaintiff's complaint which alleges the determination of a state administrative review of plaintiff's claim. For the following reasons, the defendant's motion to strike will be granted, and the plaintiff's motion for judgment on the pleadings shall be denied.

Plaintiff has filed his complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that he was discharged from his employment with defendant on the basis of his race. In paragraph 17 of his complaint, plaintiff related the results of a hearing held before the Indiana Employment Security Division which ultimately found that plaintiff had been discharged "but not for proven just cause within the meaning of Chapter 15, Section 1 of the Indiana Employment Security Act." Defendant filed a motion to strike this paragraph of the complaint, arguing that such administrative proceedings and findings are without effect in a federal Title VII action. Plaintiff responded by opposing the motion to strike and filing a motion for judgment on the pleadings, arguing that the state administrative agency's findings should be given collateral effect in this action. Thus, these two motions are necessarily intertwined with each other, and resolution of the issue of the applicability of the state agency's determination will decide both motions.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike. It states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion by a party within twenty days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Rule 12(f) motions are disfavored and are ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial. *Morrow v. South*, 540 F.Supp. 1104 (S.D.Ohio 1982); *Lirtzman v. Spiegel, Inc.*, 493 F.Supp. 1029 (N.D.Ill.1980); 5 Wright & Miller, *Federal Practice and Procedure* § 1380 (1969).

Defendant's argument for its motion to strike is that a state administrative agency's findings has no binding effect upon a federal Title VII action, and therefore the allegations of paragraph 17 are irrelevant. Both plaintiff and defendant have argued that the United States Supreme Court's decision in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), controls this case and supports each side. In *Kremer*, the Supreme Court held that a district court was required, pursuant to the full faith and credit provisions of 28 U.S.C. § 1738, to give preclusive effect to a state court decision upholding a state administrative agency's rejection of an employment discrimination claim. Plaintiff attempts to argue that the administrative decision at issue in this case falls within the purview of *Kremer* by arguing that the decision of the administrative referee has all of the trappings of a state court determination and is therefore entitled to have a res judicata effect. He argues specifically that Indiana law considers the decision of a review board conclusive and binding as to all questions of fact, *see* I.C. 22–4–17–12, and that defendant's failure to appeal the decision to an Indiana appellate court means that a state

court would have upheld the administrative referee's conclusions of fact and law. The court finds this argument unpersuasive.

Because the defendant did not appeal this state administrative decision to a state court, the issue here is whether a federal court is bound by an unreviewed state administrative agency decision under the principles of *Kremer*. The *Kremer* Court itself answered this question in footnote 7:

EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. *Batiste v. Furnco Construction Corp.,* 503 F.2d 447, 450 n. 1 (7th Cir.1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127 [43 L.Ed.2d 399] (1975). Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial de novo in federal court, *it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a state's own courts.*

456 U.S. at 470, 102 S.Ct. at 1891 (emphasis added). *See also Garner v. Giarrusso,* 571 F.2d 1330 (5th Cir.1978); *Cooper v. Phillip Morris, Inc.,* 464 F.2d 9 (6th Cir.1972); *Voutsis v. Union Carbide Corp.,* 452 F.2d 889 (2d Cir.1971), *cert. denied,* 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972). Plaintiff's arguments that a state court would have treated the findings of fact by the administrative referee as conclusive had defendant taken an appeal are unpersuasive, because the Supreme Court specifically held that "no provision of Title VII requires claimants to pursue in state court an unfavorable state administrative action...." *Kremer,* 456 U.S. at 469, 102 S.Ct. at 1891. In the one reported case after *Kremer* which involved a state administrative determination without a review by a state court, the federal district court for the District of Nevada held that the state administrative agency decision was not entitled to res judicata or collateral estoppel and that a de novo trial in federal court was not precluded even though the decision would have been afforded preclusive effect in the state's own court. *Snow v. Nevada Dept. of Prisons,* 543 F.Supp. 752, 755 (D.Nev.1982). *See also Chatelain v. Mount Sinai Hospital,* 580 F.Supp. 1414, 1416–17 (S.D.N.Y.1984).

The language of *Kremer* and the *Snow* decision both indicate that the defendant's position here is correct. The state administrative agency finding as to plaintiff's dismissal has no preclusive effect upon this court. The allegations of paragraph 17 concerning the findings of the administrative referee are therefore irrelevant to this cause of action. Under the principles of Rule 12(f), defendant would be entitled to have those allegations stricken from the complaint. Further, the resolution of this issue in favor of the defendant necessitates a denial of the motion for a judgment on the pleadings.

Finally, the court acknowledges plaintiff's motion to strike certain parts of paragraphs 6, 7 and 9 of defendant's answer. Contrary to the assertions in the motion, the justification for this motion has not been discussed in any memorandum filed in this case. Without such supporting argumentation, the court finds this motion unintelligible and will therefore deny it.

For the above stated reasons, the court hereby GRANTS the defendant's Motion to Strike the allegations of paragraph 17, and DENIES the plaintiff's Motion for Judgment on the Pleadings. The plaintiff's Motion to Strike paragraphs 6, 7 and 9 of the answer is also hereby DENIED.