## Walton v. Beck
*[Cite as 8 AOA 161]*

Case No. 16-89-15
*Wyandot County, (3rd)*
*Decided November 27, 1990*

*William J. Walton and Joyce D. Walton, In Propria Persona, 7029 CR 44, Upper Sandusky, OH 43351, Appellants.*

*Bruce J. Beck, 102 East Findlay Street, Carey, OH 43316, for Appellees.*

*Per Curiam.*

At 10:30 a.m., on August 11, 1989, the plaintiff-appellant, William J. Walton, filed a complaint with the clerk of the Court of Common Pleas of Wyandot County and at 10:50 a.m. on the same date, the trial court filed a judgment entry *sua sponte* striking the complaint from the record. The plaintiff now appeals asserting five assignments of error. The assignments of error, in essence, assert that the trial court erred by ruling that the plaintiff's pleading failed to comply with Civ. R. 10, 11, and 12(F) and will therefore be discussed together.

Civ. R. 10 covers the form of the pleadings and provides in pertinent part:

"(A) Caption; Names of Parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names and addresses of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

"(B) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Bach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

Obviously, the underlying purpose of Civ. R. 10 is to provide clarity in pleading. However, we do not believe this rule should be construed so narrowly as to warrant a *sua sponte* striking of the pleading without adequate responsive pleadings and some minimal consideration by the court where appropriate:

"Since a violation of Civ. R. 10(B) is generally regarded as 'technical' in nature, the pleader should be given the opportunity to correct the problem by amendment, pursuant to Civ. R. 15. 2A Moore, Federal Practice (1990), 10.03, at 10-10."

Here, the plaintiff's complaint appears to conform with Civ. R. 10(A) in setting forth the parties names and addresses, the name of the court, the title of the action and the case number. On page 7 of the complaint, the plaintiff sets forth his first cause of action, which contains numbered paragraphs of his claims against the defendants. The plaintiff's second cause of action, beginning on page 8, is constructed in a similar manner and also appears to conform to Civ. R. 10(B).

Accordingly, and without making any pronouncement whatsoever as to the merits of the pleading, we believe pages seven through ten of the complaint are in substantial compliance with Civ. R. 10. On the other hand, pages one through six of the complaint contain miscellaneous narrative and conclusory matters which do not appear to be in compliance with Civ. R. 10.

Civ. R. 11 deals with signing of the pleadings and provides as follows:

" *** A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted."

Where an individual signs a pleading his signature certifies that to "the best of his knowledge, information and belief formed after reasonable inquiry it [the pleading] is well-grounded in fact and law." Moore, *supra,* Sec. 11.02[3] at 11-12. Civ. R. 11 is designed to discourage groundless litigation and sanctions are imposed if the pleading is completely without merit. *Dreis and Krump Mfg. Co. v. Int'l Ass'n of Machinists,* 802 F. 2d 247 (C.A. 7th 1986).

On appeal from a dismissal in the trial court, the 9th Circuit Court of Appeals held that although a pleading may have been defective, the plaintiff should have been given a chance to correct it. *Bertucelli v. Carreras,* 467 F. 2d 214 (C.A. 9th 1972). This reasoning is similar to that used in allowing an amendment to correct the form of a pleading pursuant Civ. R. 10. In the case before us, we note that the plaintiff has signed the complaint, and while he

has not specified his address, this appears to be a correctable omission.

In the Judgment Entry dated August 11, 1989, the trial court also struck the plaintiff's pleading pursuant to Civ. R. 12(F), which provides:

"(F) Motion to Strike. *** [U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

Motions to strike are generally not favored and are not granted unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial to the adverse party. *Mitchell v. Bendix Corp.*, 603 F. Supp. 920 (1985). See also *Morrow v. South*, 540 F. Supp. 1104 (SD Ohio 1982). While Civ. R. 12(F) gives the court discretion to strike there are limitations to this power. For example, entire pleadings should not ordinarily be stricken, only those portions which are objectionable. *Mitchell, supra*, citing *Lipsky v. Commonwealth United Corp.*, 551 F. 2d 887 (1976).

"Inartful pleading does not constitute a proper basis for a motion to strike. *Cray v. Skinner*, 410 F. Supp. 117, 132 (N.D. GA. 1976). That allegations are vague and uninformative also is not grounds for a motion to strike although in extreme cases it may be grounds for a motion for a more definite statement under Rule 12(E). That allegations are conclusory is not grounds for a motion to strike either, although it may be grounds for dismissal for failure to state a claim under Rule 12(b) (6). Nor does mere verbosity justify striking allegations." *Pain Prevention Lab v. Electronic Waveform Labs*, 657 F. Supp. 1486, 1490 (N.D. Ill. 1987).

Civ. R. 8 governs general rules of pleading and section (A)provides:

"(A) Claims for Relief. A pleading which sets forth a claim for relief *** Shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The purpose of Civ. R. 8(A) is to provide the adverse party with notice of the claim and the grounds upon which it was based. In *Salamon v. Taft Broadcasting Co.* (1984) 16 Ohio App. 3d 336, the appellate court held that the plaintiff's complaint need only meet the minimum requirement of adequate notice to be considered a proper pleading under Civ. R. 8(A). The striking of a pleading, pursuant to Civ. R. 12(F), as violative of Civ. R. 8, is a matter within the sound discretion of the trial court but as a general principal motions to strike are not favored. Moore, *supra*, Sec. 8.13 at 8-81.

Had the trial court permitted this action to proceed at least to the stage of responsive pleadings, we believe there would have been ample opportunity for the court to require the plaintiff to clarify his allegations either in response to a motion for more definite statement, motion to dismiss for failure to state a claim or other defensive pleading going to the merits of the allegations, such as *res judicata*. In short, we believe a dismissal based upon a plaintiff's failure to comply with a trial court's order to amend made in response to a defense motion is in much closer conformity to the spirit and purpose of the Civil Rules than the *sua sponte* striking of the entire pleading which occurred here.

For the foregoing reasons, we believe it was an abuse of discretion in this instance for the trial court to strike the entire complaint herein *sua sponte* as opposed to entering a judgment based upon consideration of all the pleadings, including the responsive pleadings of the defendant. We find no abuse of discretion in the trial court's *sua sponte* striking of pages one through six of the complaint.

Accordingly, and to this extent only, plaintiff's first four assignments of errors are well taken. Plaintiff's fifth assignment of error challenges the jurisdiction of the trial court, is without any merit whatsoever, and is therefore overruled. The judgment of the trial court is affirmed in part and reversed in part and this case is remanded to that court for further proceedings upon the allegations set forth in pages seven through ten of the complaint.

*Judgment affirmed in part*
*and reversed in part.*

SHAW, P.J., BRYANT and EVANS, J.J., concur.