**Leon H. STRICKLAND, Plaintiff,**

v.

**AMERICAN CAN COMPANY, Defendant.**

**Civ. A. No. C82–1818A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 7, 1983.

Michael Weinstock, Atlanta, Ga., for plaintiff.

Edward Katze and William K. Principe, Atlanta, Ga., for defendant.

ORDER

SHOOB, District Judge.

This is an action for discrimination in employment on account of age. Presently before the Court are a motion by the plaintiff to amend the pretrial order and a motion *in limine* by the defendant. The plaintiff seeks to include among exhibits listed in the pretrial order a form letter he received from the Equal Employment Opportunity Commission stating that probable cause existed for maintaining suit. The defendant has answered the plaintiff's motion by filing its own motion to exclude use of that letter at trial. Although the Court usually prefers to treat motions *in limine* at the commencement of trial, it will consider the motion now in connection with the pending motion to amend the pretrial order.

The pretrial order stated that it would not be amended except to prevent manifest injustice. The Court must therefore examine the usefulness and relevance of the EEOC letter.

In *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir.1972), upon which the plaintiff relies, the Fifth Circuit considered the admissibility of EEOC findings at a non-jury trial under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The Fifth Circuit, holding the EEOC findings admissible, stated:

> [T]he district court is obligated to hear evidence of whatever nature which tends to throw factual light on the controversy and ease its fact-finding burden.
>
> ... [T]o ignore the manpower and resources expended on the EEOC investigation and the expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary.

The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases. Its probative value, we believe, at least outweighs any possible prejudice to defendant.

*Smith*, 454 F.2d at 157.

The case presently before the Court differs in important respects from *Smith v. Universal Services, Inc.* First, the evidence at issue here is not an EEOC report that reviews the investigative facts and summarizes the charges and findings. The report here is simply a form letter announcing that there is probable cause for maintaining suit. Second, because this case arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and not under Title VII, the case may be tried to a jury.

The Court is aware that in these circumstances a jury may make improper use of the EEOC letter by giving the letter too much weight and thus abrogating its own duty to find the facts on the basis of evidence introduced during trial. The Court, however, finds guidance in the decision of the Ninth Circuit in *Plummer v. Western International Hotels Co.*, 656 F.2d 502 (9th Cir.1981). In that case, as here, an EEOC reasonable cause letter was at issue; and because the Title VII claim was joined with a claim under 42 U.S.C. § 1981, that case was tried to a jury. The Ninth Circuit held that it constituted reversible error for the trial judge to exclude the EEOC determination from the jury's consideration. 656 F.2d at 505. The Ninth Circuit stated: "A civil rights plaintiff has a difficult burden of proof, and should not be deprived of what may be persuasive evidence." *Id.* It explained further: "The defendant, of course, is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination on remand. Such evidence would go to the weight to be given by the trier of fact to the EEOC determination." *Id.* at 505 n. 9.

The Court therefore decides that the EEOC reasonable cause determination letter should be allowed as evidence to be considered by the jury. The Court will, however, at the appropriate time, entertain a jury instruction to aid in the proper evaluation of that determination letter.

The Court accordingly GRANTS the motion of the plaintiff to amend the pretrial order, and DENIES the motion of the defendant *in limine*.

IT IS SO ORDERED, this 7th day of December, 1983.