William SORBA, Plaintiff,

v.

PENNSYLVANIA DRILLING COMPANY, INC., Defendant.

Civ. A. No. 85–819.

United States District Court, W.D. Pennsylvania.

Oct. 21, 1986.

M.E. Kusturis, Cannonsburg, Pa., for plaintiff.

Richard Sandow, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff brings this action alleging that defendant discriminated against him based on his age when the defendant company discharged him in August, 1983. Defendant has filed motions for summary judgment and in limine asking this court to dismiss this action or, alternatively, to exclude certain evidence plaintiff relies on and intends to present at trial.

### Motion In Limine

Defendant's motion in limine seeks to bar plaintiff from introducing and relying on the following witnesses and evidence:

1. The discharge of Charles Triplett by Pennsylvania Drilling in 1976;

2. The discharge of Mr. Earl Hoffman in 1978;

3. Plaintiff's job performance on jobs prior to the Little Blue Run job in 1981; and

4. Plaintiff's job performance on jobs for other employers subsequent to his termination by Pennsylvania Drilling Company, Inc. on August 8, 1983.

In support of this motion, defendant has submitted statistical evidence establishing that 65% of the drillers (plaintiff's job classification) in defendant's employ at the time of plaintiff's discharge were over the age of 40 and thus in the protected class. Moreover, defendant proffers evidence of a legitimate business reason which relates primarily to plaintiff's activities on three jobs since 1981: Little Blue Run, Emsworth Lock and Dam, and Hussey Metals.

■ Defendant argues that evidence regarding the discharge of Mr. Tripplett and Mr. Hoffman, which are remote in time and unrelated to plaintiff's discharge, do not establish a pattern of age discrimination under any statistical model and should be excluded under F.R.E. 403. We agree that the evidence should be excluded. Plaintiff has not shown that a statistical pattern exists. The incidents are unrelated in time, and defendant offers evidence that it had a legitimate business reason for these discharges to rebut plaintiff's age discrimination allegations. Allowing evidence of these incidents would require the trying of three discrimination cases. Plaintiff's case

is the only one we have before us, and, in the absence of any pattern, the evidence regarding the termination of Mr. Tripplett and Mr. Hoffman will be excluded.

Defendant argues that evidence of plaintiff's job performance prior to 1981 and following August, 1983 should be excluded as pertaining to an irrelevant time period and therefore not probative as to the central issue of whether age was a determinative factor in his discharge. In response, plaintiff represents that since defendant has claimed that plaintiff's poor job performance on three jobs led to his discharge, he should be permitted to give evidence of his overall work performance to show "pretext." Plaintiff represents that his testimony would cover specific job assignments that he had over the last years of his employment with defendant, and that any testimony regarding subsequent job performance would relate solely to the issue of damages.

■■■ In this action, plaintiff has the ultimate burden of proof. Plaintiff "may carry this burden *directly* by adducing evidence such as age-biased statements by his superiors which might persuade the court ... [or] he may carry this burden *indirectly* by showing that the employer's proffered explanation for his dismissal should not be believed." *Keller v. Bluemle*, 571 F.Supp. 364, 369 (E.D.Pa.1983) *affd.* 735 F.2d 1349 (3d Cir.1984); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Plaintiff's testimony regarding his overall job performance during his last years of his employment with defendant may provide some circumstantial evidence to rebut defendant's legitimate business reason for the termination. Therefore, we find it relevant and we will allow it. Regarding evidence of subsequent job performance, we note that the quality of such performance is not necessary to show mitigation of damages, but the fact of subsequent employment is relevant. Therefore, relevant facts pertaining to subsequent employment will be admitted for the limited

purpose of proving damages and mitigation hereof.

### *Motion For Summary Judgment*

Defendant has moved for summary judgment, supporting his motion with three depositions and answers to interrogatories. Plaintiff has opposed the motion with evidentiary material of his own. Summary judgment is a drastic remedy and should only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hollinger v. Wagner Mining Equipment Company*, 667 F.2d 402, 405 (3d Cir.1981). In deciding this motion, we must resolve any doubts against the defendant and draw all reasonable inferences in a light most favorable to the plaintiff. *Keller v. Bluemle, supra.*

■■ Plaintiff indicates:

1. He was born on March 6, 1929 and discharged by defendant on August 8, 1983, thus he was 54 years old at the time of his discharge and within the protected class;

2. He was qualified for the job;

3. He satisfied the normal requirements of the job; and

4. Drillers who were younger than him were retained and/or called back from layoff, rehired or promoted from the status of a helper to a driller after this termination. See deposition of William Sorba; Requests for Admissions. By these assertions, plaintiff satisfies his initial burden under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■■ Defendant has come forward with evidence of its legitimate business reason for the discharge, indicating that at the time of his discharge, plaintiff was not satisfying the normal job requirements despite his overall qualifications for the job and his skill as a driller. Specifically, defendant contends that plaintiff performed poorly on his last three major jobs: *Little*

Blue Run, Emsworth Lock and Dam, and Hussey Metals. Defendant also contends that plaintiff "padded" jobs, accrued unnecessary overtime, criticized the company causing employee morale problems, and refused direct orders of his supervisors on the Hussey Metals job. Under the *McDonnell Douglas* formula, this satisfied defendant's burden which is to come forward with evidence of a legitimate business reason for the adverse action. See *Burdine,* 450 U.S. at 254–55, 101 S.Ct. at 1094.

Plaintiff now attempts to resist summary judgment by raising a material issue of fact for trial. Plaintiff disputes the defendant's proferred legitimate reasons for the dismissal by offering the following indirect evidence of "pretext":

1. Plaintiff had a long history with the company and was the most experienced driller at the time of his discharge.

2. He was always given the toughest jobs.

3. He was given no warning of discharge or reprimand.

4. He was a "company man" and acted in the best interests of the company over time.

5. While plaintiff agrees that there were poor results on the three jobs cited by defendant, plaintiff states that these were due to problems beyond his control such as seepage and flooding, equipment failures, river traffic, as well as adverse soil conditions.

6. Plaintiff said he complained from time to time about equipment failures and problems with safety and dangerous conditions.

7. Plaintiff believes that Tom Sturges, President of the Company and a much younger man, fired him because Sturges generally lacked experience and felt that he (Sturges) could not control plaintiff due to plaintiff's broad experience, years of service with the company, and association with Sturges' father. *See* Sorba deposition and Plaintiff's Answers to Defendant's Interrogatories.

Plaintiff has the burden of proving that age was a determinative factor in his discharge by a preponderance of the evidence. *Duffy v. Wheeling-Pittsburgh Steel Corp.,* 738 F.2d 1393 (3d Cir.1984), *cert. denied* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984); *Smith v. Flax,* 618 F.2d 1062 (4th Cir.1980). In order to survive summary judgment, plaintiff must produce sufficient evidence to show a material factual issue. There is no dispute that plaintiff had a long history with the company. Nor is there any dispute about his experience. Furthermore, plaintiff does not dispute that the last three jobs plaintiff worked on for the company produced poor results. Rather, he says these results were not his fault. This, however, is irrelevant. Even if plaintiff performed admirably under the most adverse of circumstances, yet defendant held him responsible for the poor results or, in the alternative, merely fired plaintiff as a scapegoat, this does not establish an ADEA violation. *See Miller v. General Electric Company,* 562 F.Supp. 610, 617 (E.D.Pa.1983) (an employer's reasons for discharge may be subjective, short-sighted and narrow minded as long as age is not a determinative factor.) Moreover, if we accept everything the plaintiff says as true, this would lead to the conclusion that plaintiff was fired because the boss felt that plaintiff was too independent for the boss to control. This does not establish age discrimination. Taken as a whole, we do not find that plaintiff's circumstantial evidence establishes a reasonable inference that defendant fired him because of his age. A mere assertion, conjecture, or speculation by the plaintiff is not sufficient to establish a material factual dispute. Summary judgment will be granted in favor of defendant.