William SORBA, Appellant,

v.

**PENNSYLVANIA DRILLING COMPANY, INC.**

No. 86–3688.

United States Court of Appeals, Third Circuit.

Argued May 12, 1987.

Decided June 18, 1987.

*Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We held in *Chipollini* that to defeat a summary judgment motion based only on an employer's proffered evidence of a nondiscriminatory animus, an ADEA plaintiff's evidence need only permit a reasonable inference that the employer's proffered explanation for the discharge is unworthy of credence.

We find that the record before us contains "evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge (which) reasonably *could* support an inference that the employer did not act for (those) nondiscriminatory reasons." *Id.* at 900. Since the district court incorrectly required that the ADEA plaintiff's evidence establish a direct inference that the defendant discharged him because of his age, we will reverse the entry of summary judgment for the defendant employer.

### I.

After 27 years of employment as a driller with Pennsylvania Drilling Company, William Sorba was discharged at the age of 54. Sorba avers in his deposition that younger drillers were retained and that, after Sorba's termination, younger drillers were called back from layoff, rehired or promoted from helper to driller.

Sorba brought suit in district court alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1932) (as amended) contending that his age was a factor in the employer's decision to discharge him. Pennsylvania Drilling answered that Sorba had been dismissed for unsatisfactory performance on his last three jobs between 1981 and April 18, 1983 the date of his discharge. After discovery, the employer moved for summary judgment and the district judge granted the motion. The court found that the employer had articulated valid non-discriminatory reasons for Sorba's discharge and that Sorba's factual allegations and

Steven R. Wolf (argued), Law Firm of Michael E. Kusturiss, Canonsburg, Pa., for appellant.

Richard B. Sandow (argued), Jones, Gregg, Creehan and Gerace, Pittsburgh, Pa., for appellee.

Before GIBBONS, Chief Judge, MANSMANN, Circuit Judge, and KATZ, District Judge *.

### OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal raises once again issues most recently addressed by us in *Chippolini v. Spencer Gifts,* 814 F.2d 893 (3d Cir.1987), regarding the appropriateness of summary judgment for the defendant employer in employment discrimination cases where the plaintiff has produced evidence to establish a *prima facie* case pursuant to *McDonnell*

---

* Honorable Marvin Katz of the United States District Court for the Eastern District of Penn- sylvania, sitting by designation.

evidentiary proffers did not present a triable issue of fact. Sorba appealed.

The district court order was entered on October 21, 1986. 648 F.Supp. 292. During the pendency of this appeal, we filed our opinion in *Chipollini* in which we explained that an ADEA plaintiff need not produce direct evidence of age discrimination in order to resist a motion for summary judgment based on the defendant employer's proffer of a non-discriminatory reason for the plaintiff's discharge. 814 F.2d at 894. Because this is a recurring area of confusion, we now reiterate much of what we said in *Chipollini* concerning the interrelationship of the shifting burden of production in discrimination cases with the burden of the employer as movant for summary judgment.

## II.

■ Under the ADEA, a plaintiff must prove that age was a determinative factor in the defendant employer's decision to dismiss the employee. *See e.g., Duffy v. Wheeling Pittsburgh Steel Corp.* 738 F.2d 1393, 1395 (3d Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984). A plaintiff may, of course, prove his case by direct evidence. However, in the absence of direct evidence a plaintiff may establish a *prima facie* case indirectly by proving by a preponderance of the evidence that the employee (1) belongs to a protected class; (2) was qualified for the position; (3) was dismissed despite being qualified; and (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. *See Maxfield v. Sinclair International,* 766 F.2d 788, 793 (3d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986).

■ If the plaintiff succeeds in proving a *prima facie* case, the burden of production then shifts to the defendant to articulate some legitimate non-discriminatory reason for the discharge. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Should the defendant carry this burden, the plaintiff must prove by a preponderance of the evidence that the proffered reasons were not the employer's true reasons. *Id.*

In addition to establishing a *prima facie* case by indirect proof, an ADEA plaintiff can prevail by means of indirect proof that the employer's reasons are pretextual without out presenting evidence specifically relating to age. *Chipollini,* 814 F.2d at 898. "[W]hen all legitimate reasons for rejecting an (employee) have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with some reason, based his decision on an impermissible consideration such as (age)." *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978) (emphasis in original).

## III.

■ Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The ultimate burden of proof at trial will remain with Sorba, who must convince the factfinder that it is more likely than not that his age was a determinative factor in Pennsylvania Drilling's decision to terminate him. *See e.g. Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d at 1395. It is clear that the employer will be able to "articulate" a legitimate, nondiscriminatory reason for Sorba's dismissal. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Therefore Sorba's trial burden will include the requirement either to discredit the employer's proffered reasons or to prove by direct evidence that his age was a factor in the decision to dismiss him. *Id.*

Nonetheless, the burden of persuasion on summary judgment remains unalterably with Pennsylvania Drilling as movant. The employer must persuade the court that even if all of the inferences which could

reasonably be drawn from the evidentiary materials of record were viewed in the light most favorable to Sorba, no reasonable jury could find in his favor.

"[T]o meet its burden on summary judgment, the defendant employer must show that the plaintiff will be unable to introduce either direct evidence of a purpose to discriminate, or indirect evidence of that purpose by showing that the proffered reason is subject to factual dispute." *Chipollini*, 814 F.2d at 899. Where, as here, a plaintiff has offered no direct evidence of discriminatory motive, questions regarding summary judgment on the issue of intent are subsumed under the inquiry into employer pretext. *Id.* at 898. If an employee introduces "evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge (which) reasonably *could* support an inference that the employer did not act for non-discriminatory reasons," *id.* at 900. The district court may not grant an employer's motion for summary judgment.

When ruling on a motion for summary judgment, the judge's role "is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The existence of a factual dispute between the parties will defeat an otherwise properly supported motion for summary judgment only if the dispute is "genuine" and the fact is "material". *Id.* 106 S.Ct. at 2510.

■ Thus where the factual dispute concerns employer motive, clearly a material issue in an ADEA case, the problem is to determine whether the dispute is genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* This inquiry "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Id.* at 2512. In an ADEA case, the plaintiff must prove his case by a preponderance of the evidence. *Duffy v. Wheeling-Pittsburgh Steel Corp.*, 738 F.2d 1393 (3d Cir.1984),

*cert. denied,* 469 U.S. 1087, 105 S.Ct. 542, 83 L.Ed.2d 702 (1984). Thus, where the employer has produced evidence of a nondiscriminatory motive for the employee's dismissal, the appropriate summary judgment question is whether the evidence in the record *could* support a reasonable jury finding either that the plaintiff has shown age discrimination directly or that the plaintiff has shown that the employer's proffered nondiscriminatory reason is unworthy of credence. *Chipollini*, 814 F.2d at 898.

Our review is plenary. We must apply the same test the district court should have used initially to determine whether there is a genuine issue as to any material fact. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

## IV.

It is undisputed that Sorba is able to introduce evidence to support a *prima facie* case of age discrimination under the ADEA. Pennsylvania Drilling claims Sorba was discharged for poor performance and has proffered evidence of unsatisfactory results on three of Sorba's drilling jobs between 1981 and the time of his discharge in 1983.

The decision to discharge Sorba was made by Tom Sturges, President of Pennsylvania Drilling. In his deposition, Sturges asserted that the decision was based on information to the effect that Sorba had performed poorly on his last three jobs, *i.e.*, that he padded jobs, accrued unnecessary overtime, caused morale problems by criticizing the company and refused on occasion to take direct orders. Deposition of Thomas B. Sturges, *reprinted in* Appendix at 216a–282a. The jobs were known as Little Blue Run, Emsworth Lock and Dam, and Hussey Metals. Sturges testified that he was not personally familiar with Sorba's performance on these jobs and had based his decision to discharge Sorba on information received from Jack Woleslagle, Vice President and Manager of Division One, the test boring division, and Jim Draven-

stott, Sorba's immediate supervisor. The depositions of both Woleslagle and Dravenstott are of record. Sturges also assertedly relied on information from Jim Adams, allegedly Sorba's foreman on the Hussey Metals job, but the record contains no statement by Adams. Sorba asserts that the criticism of his performance is unfounded. He asserts that he was dismissed because of his age.

As we must on summary judgment, we review the evidence in the light most favorable to the non-movant. Dravenstott and Woleslagle both stated that Sorba's performance on the three drilling operations was slower than what they expected. However, Dravenstott also testified that the Emsworth Dam job went as well as could be expected and, when asked whether Mr. Sorba's poor work performance caused problems with the job, he answered, "No, I don't think so." Deposition of James Dravenstott, *reprinted in* Appendix at 363. As to the Hussey Metals job, Mr. Dravenstott commented, "I don't know whether I had a real problem with his performance ... It wasn't going as good as I wanted it to. Whether it could have been done better or not, I don't know." *Id.* at 367. Dravenstott testified that Sorba's alleged detrimental influence on morale due to derogatory comments was "hearsay" and "rumors". *Id.* at 368. He admitted that he could not state for sure that the company lost money because of Sorba's performance. *Id.* at 371.

Woleslagle stated that he had "no problems" with Sorba. Deposition of Jack W. Woleslagle, *reprinted in* Appendix at 14, 15. He confirmed that on the Emsworth Dam project Sorba had encountered steel in the hole and that there had been problems at the bottom of the shaft with a large void. *Id.* at 309. He testified that he was not aware that Sorba had created morale problems, criticized the company or attempted to have other employees extend work unnecessarily. *Id.* at 320–321. Woleslagle stated that he was unable to confirm that the company had lost money due to Sorba's performance on any job. *Id.* at 370.

Sorba admits that the three jobs produced poor results for the company and that he received complaints about his performance from both customers and his supervisors on the Little Blue Run job. Deposition of William Sorba, *reprinted in* Appendix at 181, 182. However, he claims that factors beyond his control were responsible. In answer to the defendant's interrogatories, Sorba asserted that no one in the company had more experience in drilling than he had and that he was always given the toughest jobs. He asserted that he was given no warning or reprimand before being discharged. For each of the three jobs which he allegedly mishandled, Sorba provided specific explanations which he asserts establish that it was not his fault that the specified jobs were not performed.[1]

Were we at the trial stage, the issue would be whether the employer discharged Sorba because it believed that he was not performing satisfactorily or whether the employer was using this explanation as a pretext for another reason which the jury may infer to be age discrimination. It is undisputed that Sorba has offered no direct

---

1. Sorba asserted that on the Emsworth Dam project he had encountered problems with flooding, equipment failures, river traffic and adverse soil conditions. Defendant's Interrogatories to Plaintiff, *reprinted in* Appendix at 55. As for Little Blue Run, he asserted that he was hindered by a faulty derrick and defective legs on the rig, an ineffective system for anchoring barges and adverse weather conditions. *Id.* at 56. With reference to the Hussey Metal project, Sorba alleged that he encountered equipment failures and that the drilling was impeded by a large amount of steel and other foreign substance in the hole. He also alleged that his helpers on the job were inexperienced.

At his deposition, Sorba again noted the extent to which equipment problems caused delays. Deposition of William Sorba, *reprinted in* Appendix at 121. He recited his efforts to get other employees to take better care of the equipment and indicated that he was so concerned about the economic problems of the company that he had asked the company to convene a meeting of drillers and helpers to discuss a pay cut. *Id.* at 163. He also indicated that he tried to get the employer to change or improve the equipment. *Id.* at 121, 122.

evidence of purposeful age discrimination. Consequently, the issue on summary judgment is whether Sorba has pointed to evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge which *could* support an inference that the employer did not act for nondiscriminatory reasons. *Chipollini*, 814 F.2d at 900.

In its consideration of Pennsylvania Drilling's summary judgment motion, the district court ignored the plaintiff's option to use indirect evidence in meeting his burden. In reviewing Sorba's submissions the district court wrote:

> [P]laintiff does not dispute that the last three jobs plaintiff worked on for the company produced poor results. Rather, he says these results were not his fault. This however, is irrelevant. Even if plaintiff performed admirably under the most adverse of circumstances, yet defendant held him responsible for the poor results, or in the alternative, merely fired plaintiff as a scapegoat, this does not establish an ADEA violation. *See Miller v. General Electric Company*, 562 F.Supp. 610, 617 (E.D.Pa.1982) (an employer's reasons for discharge may be short-sighted and narrow minded as long as age is not a determinative factor) ... *Taken as a whole we do not find that plaintiff's circumstantial evidence establishes a reasonable inference that defendant fired him because of his age.*

*Sorba v. Pennsylvania Drilling Co.*, 648 F.Supp. 292, 295 (W.D.Pa.1986) (emphasis added).

■ The district court's error in this case is the same as that of the district court in *Chipollini*. To defeat a summary judgment motion based only on a defendant's proffer of a nondiscriminatory animus, a plaintiff who has made a *prima facie* showing of discrimination, need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence.[2]

In this case, Sorba's trial burden will be to show that it is more likely than not that the employer did *not* discharge him because of the poor results on his last three jobs. Therefore, to defeat a summary judgment motion, the evidence need only establish a reasonable inference that the employer did *not* dismiss Sorba because of his poor performance.

Sorba has introduced evidence to dispute the fact that his supervisors were dissatisfied with his work. Sorba does not dispute the fact that there were poor results on his last three jobs. He has proffered evidence, however, that his supervisors realized that the poor results were not his fault. Upon examination at their depositions, the testimony of the movant's witnesses was inconsistent regarding whether they believed Sorba's performance caused the unsatisfactory job results.

This is not to say that the jury must decide whether the poor results were, in fact, Sorba's fault. The jury must only assess the employer's credibility with respect to its proffered reason. The jury need only decide whether the employer dismissed Sorba because of reports from his supervisors that they believed Sorba to be responsible for the poor results. If not, it is more likely than not that the employer based his decision on an impermissible consideration such as age. *Furnco*, 438 U.S. at 577, 98 S.Ct. at 2949.

■ We find that Pennsylvania Drilling has failed to meet its burden on summary judgment. The record contains indirect evidence which, if credited by the factfinder at trial, would be sufficient to support a finding that it is more likely than not that the employer did not act for its proffered reason. Therefore, we will reverse the en-

---

2. Pennsylvania Drilling urges us to adopt the result in *Kephart v. Institute of Gas Technology*, 630 F.2d 1217 (7th Cir.1980), an ADEA case in which the appellate court upheld a summary judgment for the defendant employer. The allegations in *Kephart* were very similar to those made by Sorba. However, the state of the record was different in *Kephart*. The court found that the plaintiff had not established a *prima facie* showing of discrimination and, having had a chance to examine the movant's witnesses at their depositions, the plaintiff had been unable to introduce *any* evidence indicating that their testimony was untrue. *Id.* at 1225. (emphasis added). Consequently, the reasoning in *Kephart* is inapposite here.

try of summary judgment for Pennsylvania Drilling and remand the case for trial.