**Bernard ABRAMS, Plaintiff,**

**v.**

**LIGHTOLIER, INC., et al., Defendants.**

**Civ. A. No. 88–2906.**

United States District Court,
D. New Jersey.

Dec. 30, 1988.

As Amended Feb. 7, 1989.

Margaret L. Moses, Connell, Foley & Geiser, Roseland, N.J., for plaintiff.

Gabriella Jordan, Anderson, Russell, Kill & Olick, New York City, and Allyn Z. Lite, Goldstein, Till & Lite, Newark, N.J., for defendant Lightolier, Inc.

## OPINION

WOLIN, District Judge.

This is an action brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and under similar New Jersey statutes.[1] Plaintiff Bernard Abrams alleges that defendants Lightolier, Inc. and other related companies discriminated against him on the basis of age and perceived handicap in firing him on July 3, 1986. Defendants originally moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants moved in the alternative for an order striking from the complaint any reference to a preliminary finding by the Equal Employment Opportunity Commission (EEOC) that defendants violated the ADEA. Plaintiff has cross-moved (1) to strike an affidavit submitted in support of defendants' motion, and (2) for sanctions to be imposed against defendants for bringing the instant motions and for filing the affidavit in question. In response to the explanations contained in plaintiff's opposition memorandum, defendants no longer seek to dismiss the entire complaint but rather seek a limiting order to preclude plaintiff from asserting wrongful failure to promote and a discriminatory pattern or practice. For the reasons that follow, the Court will deny all the above motions except plaintiff's motion to strike the affidavit, which will be granted.

I. *Defendant's Motion to Dismiss (Now a Motion for a Limiting Order)*

On a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept plaintiff's allegations as true and must construe those allegations in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Rapf v. Suffolk County,* 755 F.2d 282, 290 (2d Cir.1985). Thus, a complaint should not be dismissed as insufficient unless it is certain that there is no possible set of facts that, if proven, would support the claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957); *Scott v. Plante,* 532 F.2d 939, 945 (3d Cir.1976).

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to prevail in an ADEA claim against an employer, plaintiff must prove that age was a "determinative factor" in the discharge or other decision by defendant employer. *Blum v. Witco Chemical Corp.,* 829 F.2d 367, 372 (3d Cir.1987); *Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1395 (3d Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984).

In *Sorba v. Pennsylvania Drilling Co.,* 821 F.2d 200, 202 (3d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 730, 98 L.Ed.2d 679 (1988), the Third Circuit established that a plaintiff may make out a prima facie case under the ADEA solely by the use of indirect evidence. As now conceded by defendants, plaintiff's complaint makes out a prima facie case for wrongful discharge under the ADEA.

The allegations in the complaint, however, hint at a possible action for wrongful failure to promote and also allege a pattern or practice of discrimination by defendants against older employees. In bringing their motion to dismiss the entire complaint, defendants argued that plaintiff has failed to

---

**1.** New Jersey Law Against Discrimination, N.J. S.A. § 10:5–1 *et seq.*

properly plead a cause of action based on wrongful failure to promote and a cause of action based on a pattern or practice of discrimination.

In his opposition papers, plaintiff countered that he does not intend to assert a separate cause of action for wrongful failure to promote and does not purport to bring a class action on behalf of the other possible victims of any discriminatory pattern or practice. Rather, plaintiff intends to use the other allegations to buttress his claims of wrongful discharge.

With these clarifications, defendants now concede that plaintiff has made out a prima facie case for wrongful termination. Nevertheless, defendants seek an order limiting the triable issues to wrongful discharge and precluding plaintiff from asserting a "claim" based on wrongful failure to promote or a discriminatory pattern or practice. Defendants seem to have missed the point, and their motion will be denied.

■ Plaintiff is entitled to rely on a discriminatory pattern or practice as indirect evidence of discrimination against him. The Supreme Court has allowed such evidence in Title VII racial discrimination cases, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804–05, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668, 679 (1973), and there is no reason why this rationale should not apply with equal force in an ADEA claim.[2] Indeed, to disallow such statistical evidence would be to disarm plaintiff of one of the few tools available to him for discerning an employer's motives in his particular case. *See Diaz v. American Telephone & Telegraph,* 752 F.2d 1356, 1363 (9th Cir. 1985) (Title VII case).

■ With regard to wrongful failure to promote, plaintiff concedes that he has not made out a prima facie case for such a claim in itself, but asserts that he intends to rely on the failure to promote as evidence of wrongful discharge. The Court

agrees that such evidence too might be relevant to proving plaintiff's cause of action.

## II. *Plaintiff's Cross–Motion for Sanctions*

■ Plaintiff has cross-moved for sanctions, alleging that defendants' motion was frivolous. As noted above, the complaint does state a claim upon which relief can be granted. However, in light of the confusing nature of the plaintiff's pleading, defendant was entitled to bring some type of motion to clarify plaintiff's purposes. Although defendants' motion has been denied, it was not meritless. Therefore, sanctions are unwarranted.

## III. *Defendants' Rule 12(f) Motion: Admissibility of Preliminary EEOC Determination*

Defendants have moved in the alternative to strike paragraph 4 of the complaint as "immaterial, impertinent, or scandalous" under Fed.R.Civ.P. 12(f). Paragraph 4 refers to an EEOC letter of determination that made a preliminary ruling that defendants discriminated against plaintiff in violation of the ADEA.

Implicit in defendants' Rule 12(f) motion is their assumption that the pleadings are read to the jury. That is not the case in this Court. Therefore, there is no genuine concern for prejudice. Since Rule 12(f) motions are disfavored in general, and especially in the absence of prejudice, *see Mitchell v. Bendix Corp.,* 603 F.Supp. 920, 921 (N.D.Ind.1985); C. Wright & A. Miller, Federal Practice and Procedure § 1380, at 783–84 (1969 & Supp.1987), the motion will be denied.

Despite its denial of the Rule 12(f) motion, the Court does not expect the issue of the admissibility of the EEOC determination to disappear. Rather, defendants will likely contest the admissibility of the doc-

---

**2.** Indeed, defendants, in at least one incarnation, argue that there is no reason that Title VII standards should not apply in ADEA cases. *See* Defendants' Initial Memorandum, at 6 n. 4 (citing *Elliott v. Group Medical & Surgical Service,*

714 F.2d 556 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984)); *cf.* Defendants' Reply Memorandum, at 7–8 (where defendants imply that Title VII cases are not analogous to ADEA cases).

ument directly. Thus the Court will address the latter issue.

There is conflicting authority on whether a preliminary EEOC determination (or a similar determination made by an equivalent state agency) is admissible into evidence. Many courts have held such determinations to be admissible hearsay under the Federal Business Records Act, 28 U.S.C. § 1732, or under the public records exception of Fed.R.Evid. 803(8)(C). *Plummer v. Western International Hotels Co.*, 656 F.2d 502, 505 (9th Cir.1981) (case brought under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1981); *Bradshaw v. Zoological Society*, 569 F.2d 1066, 1069 (9th Cir.1978) (Title VII case); *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157–58 (5th Cir.1972) (Title VII case); *Strickland v. American Can Co.*, 575 F.Supp. 1111, 1112 (N.D.Ga.1983) (ADEA case). Several courts have so held even in jury cases. *Plummer, supra; Strickland, supra.* Other courts have excluded such evidence as unduly prejudicial under Fed.R. Evid. 403. *Ledford v. Rapid–American Corp.*, 47 Fair Empl.Prac.Cas. (BNA) 312, 313 (S.D.N.Y.1988) [1988 WL 3428] (ADEA case); *Mitchell*, 603 F.Supp. at 922 (Title VII case); *Coffin v. South Carolina Department of Social Services*, 562 F.Supp. 579, 591 (D.S.C.1983) (ADEA case). Bridging this gulf is the principle adopted by other courts, including the Third Circuit, that the admissibility decision is to be made by the trial court in the exercise of its discretion. *Walton v. Eaton Corp.*, 563 F.2d 66, 75 (3d Cir.1977) (upholding trial court's refusal to admit portions of EEOC file in Title VII case); *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 154–55 (7th Cir.1985) (same); *Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1309 (8th Cir.) (upholding trial court's refusal to admit EEOC letter of determination in an action under Title VII and § 1981), *cert. denied*, 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984).

■ Exercising its discretion, the Court is inclined to follow the line of precedent led by *Plummer*, which allows EEOC letters of determination to be admitted even in jury trials. The Court believes that the probative nature of an EEOC determination generally outweighs its prejudicial effect. The Court makes the latter statement as a general principle only, and acknowledges that it might choose to exclude EEOC letters of determination (or similar state-issued documents) in cases where the administrative decision is shown to be particularly untrustworthy. *See* Fed.R.Evid. 803(8)(C); *Johnson*, 734 F.2d at 1309–10. However, no such showing has been made here. Indeed, the Court has not even been presented with a copy of the EEOC letter of determination.[3] Nevertheless, given the lingering potential for prejudice, the Court will, at the appropriate time, entertain a jury instruction to ensure that the jury does not deem the EEOC determination dispositive. *See Strickland*, 575 F.Supp. at 1112. The Court has complete confidence that the jury, guided by such a charge, will not give the EEOC letter undue weight.

IV. *Plaintiff's Cross–Motion to Strike the Brozman Affidavit and for Sanctions*

■ Plaintiff has cross-moved to strike the affidavit of Andrew P. Brozman, Esq. on the ground that it contains legal arguments in violation of Rule 27 of the General Rules for the District of New Jersey. General Rule 27(A) provides:

> Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both.

The Brozman affidavit appears to violate the rule,[4] and will thus be stricken. How-

---

**3.** If defendants believe that the EEOC determination in this case is particularly untrustworthy, as discussed in *Johnson, supra,* they may request the Court at a later date to consider excluding the determination entirely.

**4.** Indeed, defendants in their reply papers did not respond to plaintiff's Rule 27(A) motion, and declined to contest the motion at oral argument despite an invitation by the Court.

ever, the Court will deny plaintiff's request for sanctions under Rule 27(A). Given that paragraphs 2 through 7 of the affidavit do contain some factual averments,[5] and given defendants' decision not to contest the Rule 27(A) motion, the Court finds sanctions to be inappropriate.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss the complaint will be denied, as will defendants' subsequent motion for a limiting order. Defendants' alternative motion to strike paragraph 4 of the complaint will also be denied. Plaintiff's cross-motion to strike the Brozman affidavit will be granted. Plaintiff's two requests for sanctions will be denied.

See also 702 F.Supp. 516.

---

**5.** Although there are many averments as to facts in paragraphs 2 through 7 of the Brozman affidavit, the averments are not likely to be admissible at trial since they merely report the observations of counsel as to the factual background and procedural history of the case. *Cf.* Fed.R. Civ.P. 56(e) (requiring that affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").