**Bruce D. BISBING**

v.

**LEHIGHTON AMBULANCE ASSOCIATION, INC. Bruce Bisbing, Appellant.**

**No. 04–2275.**

United States Court of Appeals, Third Circuit.

Argued on April 20, 2005.

Decided July 29, 2005.

Richard L. Orloski, (Argued), Orloski, Hinga, Pandaleon & Orloski, Allentown, PA, for Appellant.

Paul J. Dellasega, (Argued), Laura C. Gargiulo, James K. Thomas, II, Thomas, Thomas & Hafer, Harrisburg, PA, for Appellee.

Before ROTH, FUENTES and BECKER, Circuit Judges.

## OPINION

ROTH, Circuit Judge:

This case is an appeal in an employment discrimination suit brought by a former employee, Bruce Bisbing, against Lehighton Ambulance Association, Inc. The District Court denied Bisbing's motion for reconsideration of its grant of summary judgment for Lehighton and Bisbing now appeals. Because we find that Lehighton had legitimate, non-discriminatory reason for terminating Bisbing, we will affirm the judgment of the District Court.

## I. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction of this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Federal Rule of Appellate Procedure 3(c)(1)(B) requires that the notice of appeal "designate the judgment, order, or part thereof being appealed." Although Bisbing did not name the order granting summary judgment in his notice of appeal, we may exercise jurisdiction over orders not named in the notice of appeal "if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues." *Williams v. Guzzardi,* 875 F.2d 46, 49 (3d Cir.1989). Those requirements are met here, as the motion for reconsideration was predicated on the grant of summary

judgment and the parties briefed and argued the issue of whether summary judgment was appropriate. Further, both parties agreed at oral argument that the summary judgment motion is properly before us.

We exercise plenary review over the District Court's grant of summary judgment and apply, *de novo,* the same standard that the District Court applied. *Doe v. Cty. of Centre, PA,* 242 F.3d 437, 446 (3d Cir.2001). A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)). Where the defendant is the moving party, the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to his case. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. On a motion for summary judgment, we must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor. *See Marzano v. Computer Sci. Corp.,* 91 F.3d 497, 501 (3d Cir.1996).

## II. Background

Bisbing was employed as a paramedic by Lehighton beginning in 1996. In 2001, Bisbing's wife, Michelle Bisbing, applied for a volunteer position with Lehighton and was rejected. In June 2001, Michelle Bisbing filed a claim of gender discrimination against Lehighton. In November 2001, Bisbing was the subject of a citizen complaint. As a result of this complaint, he received a memo and had a meeting with his supervisor, Mark Walck, and a subsequent meeting with Joni Gestl, the lead supervisor. A few days after Bisb-

ing's meeting with Gestl, Bisbing was terminated.

Bisbing then filed this suit, alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The District Court granted Lehighton's motion for summary judgment and Bisbing appealed.

## III. Summary Judgment

▉ The District Court granted summary judgment for Lehighton, concluding that Bisbing had established neither that he was engaged in a protected activity nor that there was a causal connection between his activity and his termination. Thus, the District Court concluded, Bisbing had not established a prima facie case and summary judgment was appropriate.

To prevail on his Title VII retaliation claim, Bisbing must prove a prima facie case by showing that he engaged in a protected activity, that he was the subject of an adverse employment action, and that there was a causal connection between his activity and the adverse action. *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1299 (3d Cir.1997). If Bisbing establishes a prima facie case, the burden shifts to Lehighton to set forth a legitimate non-discriminatory reason for the discharge. *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d Cir.1994). If Lehighton does so, then Bisbing must show that the reasons asserted are a pretext for discrimination. To withstand a motion for summary judgment, Bisbing must make a prima facie showing of discrimination and point to "evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Sorba v. Penn. Drilling Co.,* 821 F.2d 200, 205 (3d Cir.1987).

While the District Court granted summary judgment on the ground that Bisbing had not established his prima facie case, we will not affirm on that issue. We focus

instead on the clearer issue—Lehighton had a legitimate, non-discriminatory reason for terminating Bisbing. The evidence plainly shows that Bisbing's interactions with his superiors following the citizen complaint present a legitimate reason for his discharge.

On November 13, 2001, Bisbing and his supervisor, Walck, had a conversation regarding the citizen complaint. After that conversation, both Bisbing and Walck had separate conversations with Gestl, the lead supervisor. Walck claimed that Bisbing was being insubordinate and Bisbing maintained that he was not. Thus, at the time Gestl met with Bisbing, she had only each man's account of the meeting. However, after Gestl's meeting with Bisbing, she received a letter from William Mullin, a coworker and friend of Bisbing, who had overheard the conversation between Bisbing and Walck. Mullin's letter describes Bisbing as "agitated" and with a "less than desirable attitude." Mullin also describes Bisbing as aggravated and yelling at Walck. After Gestl received this letter, she consulted the President of Lehighton and terminated Bisbing. In addition, Bisbing admits in his testimony for this case that he was frustrated and raised his voice at Walck.

This evidence clearly shows that Bisbing was insubordinate to his superiors, which is a sufficient, legitimate reason for termination. In addition, before this incident Bisbing had received several work violations and had had problems with his employment relationship. This collective evidence sufficiently demonstrates that Lehighton terminated Bisbing for legitimate reasons.

■ Bisbing has not shown that this reason for termination is pretextual. We have held that "to avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonable to infer that each of the employer's proffered non-discrimintory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1994) (citation omitted). Bisbing has not met this standard. He argues that the fact that Gestl did not terminate him during their conversation shows that he was not actually terminated for his insubordinate behavior. However, between that conversation and the termination, Gestl received Mullin's letter and consulted with Lehighton's president, both activities supporting a legitimate discharge. There was also evidence that Bisbing's insubordination had deeply affected Walck, who had suggested that he might resign if Bisbing remained at Leighton. There was thus substantial evidence for the sincerity of Gestl's stated reason for firing Bisbing; against this, Bisbing offered only the fact that Gestl waited a while before terminating him. No reasonable factfinder could infer from these facts that the legitimate reason was a post hoc fabrication.

■ Similarly, Bisbing points to comments by Gestl and Walck, referring to his wife's discrimination claim, as evidence that he was being terminated in retaliation for the claim. These random comments, which neither express displeasure or animus against Bisbing's wife nor indicate any perception of Bisbing acting for his wife, are not sufficient to allow a reasonable factfinder to infer that Bisbing's insubordination did not motivate his termination. Bisbing thus has failed to bring forth evidence to support a reasonable inference of discrimination to overcome Lehighton's legitimate reason for termination.

## IV. Conclusion

The evidence shows that Bisbing was terminated for his insubordinate behavior, a legitimate and non-discriminatory reason for discharge. Thus, the District Court's grant of summary judgment for Lehighton was not in error and the denial of the motion for reconsideration and the grant of summary judgment will be affirmed.