NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4462
_____

SHARON MCGUIGAN,

Appellant,
v.

SECRETARY OF THE U.S. DEPARTMENT OF TREASURY.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvnia
(D.C. No. 2-09-cv-01129)
District Judge: Hon. Petrese B. Tucker


_____

Submitted under Third Circuit LAR 34.1(a)
June 20, 2011

Before: HARDIMAN and ALDISERT <u>Circuit Judges</u>, and RESTANI,[*] <u>Int'l Trade Judge</u>.

(Filed: June 21, 2011)


_____

OPINION OF THE COURT
_____


_____

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

ALDISERT, Circuit Judge.

Sharon McGuigan appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting her employer's motion for summary judgment in her action alleging gender discrimination in violation of Title VII, 42 U.S.C. § 2000e-2 (2010), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 (2010). We will affirm the District Court's order.

I.

Because the parties are familiar with the events that gave rise to this appeal, we set forth only the facts necessary to explain our disposition. On May 17, 2006, Andrew Zuckerman, the Field Director of the Internal Revenue Service ("IRS") Philadelphia branch, chose Frank DelSignore for the position of Supervisory Management and Program Analyst ("SMPA") over McGuigan. At the time of selection, DelSignore was under the age of 40 and McGuigan was 47. DelSignore was a level two manager with one-and-a-half to two years of experience at that position. McGuigan had been working for four to five years as a program analyst for the team that the selected SMPA would supervise. A program analyst is not a management position. Before being a program analyst, McGuigan had eight years of first level management experience and four years of second level management experience. There were no specific written criteria created for the SMPA position, which is a first level management position.

Charles Felthaus, direct supervisor of the SMPA, selected two female interviewers, Joann Brown and Marjorie Gallagher, to sit with him on the interview panel. All interviewers were over 40 years of age. At the time of selection, Brown was

2

the direct supervisor of DelSignore. Brown and her husband are personal friends of DelSignore. One of the department managers raised concerns about having Brown on the panel, but Felthaus decided to keep her on the panel because both Brown and Gallagher would be working directly with the selectee. Felthaus previously had selected McGuigan for two positions that directly reported to him and gave her outstanding evaluations for both.

The interviewers agreed that DelSignore was a better candidate than McGuigan because he was more forward thinking and adaptable to change. They unanimously recommended DelSignore to Andrew Zuckerman, who was the selecting official. He chose DelSignore over McGuigan and gave the following reasons for his choice: (1) the interview panel unanimously recommended DelSignore; (2) his package was ranked one point higher than McGuigan's; (3) at the time of selection he was working two levels above McGuigan in a position that supervised seven to nine managers; (4) at that time McGuigan was not working in a managment position; and (5) McGuigan's management experience had been several years in the past. Zuckerman was also over the age of 40 at the time of selection.

On March 11, 2009, McGuigan filed a complaint against the IRS alleging age and gender discrimination. On August 9, 2010, the IRS moved for summary judgment. On September 24, 2010, the District Court granted the IRS's motion for summary judgment. McGuigan timely appealed.

II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of a grant of summary judgment is plenary. See, e.g., Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 443 (3d Cir. 2003). In reviewing a district court's decision, we assess the record using the same summary judgment standard that guides the district court. See id. To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure (2010) (amended Dec. 1, 2010). A factual dispute is "genuine" and thus warrants trial "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010).

III.

McGuigan contends that her failure to be promoted was the product of gender and age discrimination. The framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1979), applies to both causes of action. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-254 (1981) (applying the McDonnell Douglas framework to gender discrimination); Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming the application of the McDonnell Douglas framework to age discrimination). Under this framework, a plaintiff has the burden of proving by a preponderance of the

4

evidence a prima facie case of discrimination. See Burdine, 450 U.S. at 253; Sorba v. Pa. Drilling Co., 821 F.2d 200, 202 (3d Cir. 1987). To establish a prima facie case for gender discrimination an employee must show that (1) she applied and was qualified for the vacant position, and (2) she was rejected under circumstances that give rise to an inference of unlawful discrimination. Burdine, 450 U.S. at 253. To establish a prima facie case for age discrimination, an employee must show that (1) she is 40 years of age or older, (2) the employer took an adverse employment action against her, (3) she was qualified for the position in question, and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. Allentown, 589 F.3d at 689. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. Should the defendant carry this burden, the plaintiff must prove by a preponderance of the evidence that the reasons offered by the defendant were a pretext for discrimination. Id. at 804.

We will assume without deciding that McGuigan established a prima facie case because the District Court's ruling rests on (and the IRS does not contend otherwise) its finding that McGuigan failed to show pretext. McGuigan's major argument is that her employer's reasons for choosing DelSignore were suspect, because they were a pretext for unlawful discrimination.

To survive summary judgment, McGuigan was required to provide evidence suggesting that the employer's proffered reasons were a pretext for unlawful discrimination. See Burdine, 450 U.S. at 253; Allentown, 589 F.3d at 690. She failed to

5

do so. What she did offer was: (1) Andrew Zuckerman's description of her managing experience as "old and cold"; (2) the interview panel member Joann Brown was a personal friend of DelSignore; and (3) DelSignore's old position was "back-filled," suggesting that the application and interview process had no bearing on his selection. We are not convinced. Zuckerman did not use the words "old or cold" to describe McGuigan's age or gender but rather to describe her management experience, which was several years in the past. Evidence that DelSignore was friends with Brown, or that his previous position was filled before he was selected for the SMPA, does not trump the neutral reasons offered by Zuckerman and the interview panel. At bottom, all the evidence provided by McGuigan, evaluated in the light most favorable to her, does not establish that Zuckerman's reasons for choosing DelSignore were a pretext for unlawful discrimination on the basis of age or gender.

We therefore agree with the District Court that McGuigan did not provide evidence that would permit a jury to conclude that she was discriminated against because of her age or gender. Accordingly, we hold that the District Court properly granted summary judgment in favor of the IRS.

\* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.

6